UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Rosemarie Francis McCray,
a/k/a Rose Marie McCray,
a/k/a Rose McCray,

    Debtor.
_____/

Chapter 7

Case No. 17-51604

Hon. Phillip J. Shefferly

**OPINION DENYING CREDITOR'S MOTION TO
COMPEL COMPLIANCE WITH SECTION 521(a)(2) OF THE
BANKRUPTCY CODE AND TO DELAY ENTRY OF DISCHARGE**

**Introduction**

This matter is before the Court in an individual Chapter 7 consumer bankruptcy case. A creditor holding a security interest in the debtor's mobile home has filed a motion requesting an order that compels the debtor to perform her duties under § 521(a)(2) of the Bankruptcy Code and delays the debtor's discharge until she performs those duties. For the reasons explained in this opinion, the Court will deny the creditor's motion.

**Jurisdiction**

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

**Facts**

The following facts are taken from the Court file and are not in dispute.

On January 30, 2010, Rosemarie Francis McCray ("Debtor") entered into a Retail Installment Contract and Security Agreement ("Security Agreement") with Sun Homes - Sherman

Oaks, under which the Debtor borrowed $28,388.39 to finance the purchase of a 1998 Skyline Manufactured Home ("Mobile Home"). The Security Agreement requires the Debtor to make 180 monthly payments of $359.84 secured by the Mobile Home. Sun Homes - Sherman Oaks assigned the Security Agreement to Origen Financial Services LLC, which then assigned the Security Agreement to 21st Mortgage Corporation ("Creditor"). The Mobile Home is the Debtor's residence.

On August 14, 2017, the Debtor filed this Chapter 7 case. The Debtor listed the Mobile Home on her schedule A/B and indicated that it had a value of $25,000.00. The Debtor listed the Creditor on her schedule D and indicated that the amount of the Creditor's claim secured by the Mobile Home is $21,366.00. At the time she filed her bankruptcy case, the Debtor was current on her payments under the Security Agreement.

On the same day that she filed her bankruptcy case, the Debtor filed a Statement of Intention for Individuals Filing Under Chapter 7 on Official Form 108. In paragraph 1, the Debtor identified the Creditor as a secured creditor and described the collateral for the Creditor's claim as the Mobile Home. In the same paragraph, the Debtor checked a box to indicate that she intends to "Retain the property and enter into a Reaffirmation Agreement." She also checked a box to indicate that she intends to "Retain the property" and, in the place provided for an explanation, the Debtor stated "Pay and retain." The first meeting of creditors was held and concluded on September 13, 2017, following which the Chapter 7 trustee filed a no asset report.

On September 27, 2017, the Creditor filed a Motion to Compel Compliance With 11 U.S.C. § 521(a)(2) and to Delay Entry of Discharge ("Motion") (ECF No. 13). In the Motion, the Creditor alleges that the Debtor did not sign a reaffirmation agreement, as indicated in one of the boxes that

-2-

17-51604-pjs    Doc 26    Filed 11/30/17    Entered 11/30/17 16:59:33    Page 2 of 18

Oaks, under which the Debtor borrowed $28,388.39 to finance the purchase of a 1998 Skyline Manufactured Home ("Mobile Home"). The Security Agreement requires the Debtor to make 180 monthly payments of $359.84 secured by the Mobile Home. Sun Homes - Sherman Oaks assigned the Security Agreement to Origen Financial Services LLC, which then assigned the Security Agreement to 21st Mortgage Corporation ("Creditor"). The Mobile Home is the Debtor's residence.

On August 14, 2017, the Debtor filed this Chapter 7 case. The Debtor listed the Mobile Home on her schedule A/B and indicated that it had a value of $25,000.00. The Debtor listed the Creditor on her schedule D and indicated that the amount of the Creditor's claim secured by the Mobile Home is $21,366.00. At the time she filed her bankruptcy case, the Debtor was current on her payments under the Security Agreement.

On the same day that she filed her bankruptcy case, the Debtor filed a Statement of Intention for Individuals Filing Under Chapter 7 on Official Form 108. In paragraph 1, the Debtor identified the Creditor as a secured creditor and described the collateral for the Creditor's claim as the Mobile Home. In the same paragraph, the Debtor checked a box to indicate that she intends to "Retain the property and enter into a Reaffirmation Agreement." She also checked a box to indicate that she intends to "Retain the property" and, in the place provided for an explanation, the Debtor stated "Pay and retain." The first meeting of creditors was held and concluded on September 13, 2017, following which the Chapter 7 trustee filed a no asset report.

On September 27, 2017, the Creditor filed a Motion to Compel Compliance With 11 U.S.C. § 521(a)(2) and to Delay Entry of Discharge ("Motion") (ECF No. 13). In the Motion, the Creditor alleges that the Debtor did not sign a reaffirmation agreement, as indicated in one of the boxes that

she checked on her statement of intention. The Creditor argues that under § 521(a)(2) of the Bankruptcy Code, the Debtor must either reaffirm the debt under the Security Agreement, redeem the Mobile Home for its fair market value, or surrender the Mobile Home to the Creditor, and that the law does not permit her to just "Pay and retain" the Mobile Home absent redemption or reaffirmation. The Creditor asks that the Court enter an order compelling the Debtor to file an amended statement of intention that states her intention to redeem, reaffirm or surrender the Mobile Home, and requests that the Court order her to perform such stated intention before this case is closed. Finally, the Creditor requests that the Court delay the Debtor's discharge until the Debtor has filed an amended statement of intention and has performed under that statement.

On October 11, 2017, the Debtor filed a response ("Response") (ECF No. 19) to the Motion. In the Response, the Debtor admits that she did not sign a reaffirmation agreement. The Debtor argues that she cannot be compelled to enter into a reaffirmation agreement and that she may "Pay and retain" the Mobile Home even without a redemption or reaffirmation so long as she continues to make the payments on the Mobile Home. The Debtor also argues that the sole consequence under the Bankruptcy Code if she does not redeem or reaffirm is the termination of the automatic stay under §§ 362(h)(1) and 521(a)(2)(B) of the Bankruptcy Code, with a finding that the property in question – the Mobile Home – is no longer property of the bankruptcy estate. According to the Debtor, the Creditor's only remedy is to proceed under applicable non-bankruptcy law once the automatic stay has terminated. The Debtor asks the Court to deny the Motion and allow her case to proceed to discharge.

One day prior to the hearing date, the Creditor filed a supplement ("Supplement") (ECF No. 24) to the Motion, elaborating on the argument that the Debtor cannot "Pay and retain" the

Mobile Home because there is no longer a "ride through," sometimes referred to as "stay and pay," option under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

On November 17, 2017, the Court held a hearing on the Motion. At the hearing, the Debtor and the Creditor agreed on the following facts: the Mobile Home is personal property, the Debtor is current on the payments under the Security Agreement, the Debtor did not reaffirm or redeem the Mobile Home, and the Debtor remains in possession of the Mobile Home. Although they agreed on the facts, the Debtor and the Creditor disagreed on whether a "ride through" or "stay and pay" option exists, and they disagreed on whether the Court may delay the Debtor's discharge if the Court finds that the Debtor has not performed her duties under § 521(a)(2). At the conclusion of the hearing, the Court took the Motion under advisement. The Motion is now ready for decision.

**Applicable Law**

The Motion, Response and Supplement, as developed by the arguments at the hearing, raise four legal issues: (1) What are an individual debtor's duties with respect to personal property that secures a debt? (2) Can an individual debtor retain personal property that secures a debt, without redeeming such property or reaffirming the debt, by means of a "ride through" or "stay and pay?" (3) What are the legal consequences to an individual debtor who fails to perform their duties with respect to personal property that secures a debt? (4) Can the Court delay an individual debtor's discharge if the debtor fails to perform their duties with respect to personal property that secures a debt?

1. What are an individual debtor's duties
with respect to personal property that secures a debt?

Section 521 of the Bankruptcy Code sets forth the duties of a debtor. Some of those duties apply only in certain chapters of the Bankruptcy Code. Others apply only where there is a trustee

-4-

appointed. Still others apply only to individual debtors. In the Motion, the Creditor requests an order compelling the Debtor to perform her duties under § 521(a)(2) with respect to the Mobile Home. Section 521(a)(2) imposes two specific duties that only apply where – like here – the debtor is an individual, and the debtor's schedules include a debt that is secured by property of the estate. Although not cited in the Motion, § 521(a)(6) imposes a third duty on an individual debtor with respect to personal property that secures a particular kind of debt. The two duties imposed by § 521(a)(2) were in the Bankruptcy Code prior to BAPCPA, and the third duty imposed by § 521(a)(6) was added by BAPCPA. To fully understand all of the Debtor's duties with respect to the Mobile Home, which is indisputably personal property, and to fully adjudicate the Motion, it is useful to review both the § 521(a)(2) duties cited in the Motion and the § 521(a)(6) duty not cited in the Motion.

First, where an individual debtor's schedules include debts that are secured by property of the estate, § 521(a)(2)(A) requires the debtor within 30 days after filing the petition to file "a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that . . . the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property . . . ." Next, § 521(a)(2)(B) requires the debtor within 30 days after the first date set for the meeting of creditors under § 341 to "perform his intention with respect to such property, as specified by subparagraph (A) . . . ." Sections 521(a)(2)(A) and (B) do not distinguish between real property and personal property.

Section 521(a)(6) – added by BAPCPA – imposes an additional duty on an individual debtor in a Chapter 7 case, but only with respect to personal property "in which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal

-5-

property . . . ." In this circumstance, § 521(a)(6) requires the debtor to "not retain possession" of the personal property unless the debtor has, within 45 days after the § 341 meeting, either entered into a reaffirmation agreement with respect to the claim secured by such personal property, or redeemed such personal property.

To recap, the Bankruptcy Code in § 521(a)(2) and (6) imposes three duties on an individual debtor with a debt secured by personal property of the estate: file a statement of intention, perform the statement of intention and, if the creditor has an allowed claim for the purchase price of such personal property, not retain possession of such personal property absent a reaffirmation or redemption. Each of these duties must be performed within a statutorily prescribed time frame. The statute makes these duties mandatory: the preface in § 521(a) states that the debtor "shall" perform these duties. And the statute makes no exception to these duties.

2. Can an individual debtor retain personal property<br>
that secures a debt, without redeeming such property or<br>
<u>reaffirming the debt, by means of a "ride through" or "stay and pay"?</u>

Although § 521 is titled "Debtor's duties," one of the issues in this case is whether, despite the mandatory language of § 521(a), the Bankruptcy Code permits an individual debtor an option to do something other than the statutorily prescribed duties: choose to retain possession of personal property that secures a debt, without redeeming, reaffirming or surrendering such property, by having such property "ride through" the bankruptcy case. The proponents of this option contend that an individual debtor may choose not to redeem, reaffirm or surrender personal property as long as they keep making payments on the secured debt even after their personal liability for such debt is discharged in their bankruptcy case.

The issue of whether the Bankruptcy Code permits a "ride through" or "stay and pay" for personal property is not a new one.[1] Prior to BAPCPA, there was a split among the circuits. The Second, Third, Fourth, Ninth and Tenth Circuits recognized a "ride through" or "stay and pay,"[2] and the First, Fifth, Seventh and Eleventh Circuits did not.[3] The Sixth Circuit has not ruled on this issue.[4] Post-BAPCPA, the Eleventh Circuit has reaffirmed its position that there is no fourth

---

[1] See Mimi Faller, *BAPCPA's Challenge to Debtors and Creditors Alike: The Murky Law of the "Backdoor Ride-Through" and Enforceability of Ipso Facto Clauses in Consumer Bankruptcies*, 23 No. 3, J. Bankr. L. & Prac. (June 2014) (arguing "that BAPCPA did not clear up whether the ride-through option is still available to debtors").

[2] See Price v. Del. State Police Fed. Credit Union (In re Price), 370 F.3d 362 (3d Cir. 2004) (non-defaulting debtor may retain vehicle without reaffirmation or redemption); McClellan Fed. Credit Union v. Parker (In re Parker), 139 F.3d 668 (9th Cir. 1998) (finding the only mandatory duty under § 521(a) was to file a statement of intention); Capital Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d 43 (2d Cir. 1997) (finding § 521(a) ambiguous as to whether the three options were exclusive and not requiring the debtor to reaffirm or redeem when current on payments); Home Owners Funding Corp. v. Belanger (In re Belanger), 962 F.2d 345 (4th Cir. 1992) (denying creditor's motion to compel debtors to reaffirm, redeem or surrender mobile home when they were current on payments); and Lowry Fed. Credit Union v. West, 882 F.2d 1543 (10th Cir. 1989) (finding § 521(a)'s three options were non-exclusive).

[3] See Bank of Boston v. Burr (In re Burr), 160 F.3d 843 (1st Cir. 1998) (finding § 521(a) to be unambiguous in its mandate that debtors choose and perform one of the three options); Johnson v. Sun Fin. Co. (Matter of Johnson), 89 F.3d 249 (5th Cir. 1996) (finding the three options are exclusive and denying the creditor's motion to dismiss for failure to perform as too harsh a remedy); Taylor v. AGE Fed. Credit Union (In re Taylor), 3 F.3d 1512 (11th Cir. 1993) (finding the three options are exclusive); Matter of Edwards, 901 F.2d 1383 (7th Cir. 1990) (same).

[4] In Gen. Motors Acceptance Corp. v. Bell (In re Bell), 700 F.2d 1053 (6th Cir. 1983), the Sixth Circuit addressed the mechanics of redemption, but did not address whether § 521(a) included a fourth option of "ride through" or "stay and pay."

option.[5] The Fourth and Ninth Circuits also revisited the issue, but changed sides, ruling that there is no longer a "ride through" or "stay and pay" option post-BAPCPA.[6]

In the Eastern District of Michigan, there are at least two post-BAPCPA unpublished decisions on this issue, and they too are split. In In re Reed, No. 10-67727, 2011 WL 6328677 (Bankr. E.D. Mich. Dec. 14, 2011), the bankruptcy court held that "ride through" or "stay and pay" remains a viable option for a debtor to retain personal property that secures a debt even if the debtor has not redeemed the personal property or reaffirmed the debt. In Ford Motor Credit v. Hall, No. 16-13333, 2016 WL 3084373 (E.D. Mich. July 20, 2017), the bankruptcy court again recognized "ride through" or "stay and pay" as an option, but this time the district court reversed, holding that BAPCPA "specifically rejected" the "ride through" or "stay and pay" option. Id. at *4.

Whether pre- or post-BAPCPA, the text of the Bankruptcy Code has never contained the words "ride through" or "stay and pay." Section 521(a)(2) imposes specific *duties* on an individual debtor with a debt secured by personal property of the estate. The text of the Bankruptcy Code expressly permits only three separate ways for a debtor to perform those duties: redeem, reaffirm or surrender. "Ride through" or "stay and pay" is not one of those ways.[7] Simply put, "ride

---

[5] The Eleventh Circuit stood by its pre-BAPCPA decision from In re Taylor, 3 F.3d 1512, ruling that a Chapter 7 debtor has only the three options of reaffirming the debt, or redeeming or surrendering the collateral. See Failla v. Citybank, N.A. (In re Failla), 838 F.3d 1170, 1175 (11th Cir. 2016); Jones v. CitiMortgage, Inc., 666 F. Appx. 766, 769-70 (11th Cir. Nov. 9, 2016).

[6] In Dumont v. Ford Motor Credit Co. (In re Dumont), 581 F.3d 1104, 1112-13 (9th Cir. 2009), the Ninth Circuit held that its decision from In re Parker, 139 F.3d 668, did not survive BAPCPA, and held that the ride through option was no longer available. Likewise, in DaimlerChrysler Fin. Servs. Americas LLC v. Jones (In re Jones), 592 F.3d 308, 310-12 (4th Cir. 2010), the Fourth Circuit held that BAPCPA "eliminate[d] the ride-through option that we recognized in In re Belanger, [962 F.2d 345,] at least as applied to" the facts in the case.

[7] It has never been clear to the Court why an individual debtor would ever reaffirm their promise to pay a debt secured by property of the estate if they had the option to just keep the

-8-

17-51604-pjs    Doc 26    Filed 11/30/17    Entered 11/30/17 16:59:33    Page 8 of 18

through" or "stay and pay" is a judicially created fourth option that does not appear anywhere in the text of the Bankruptcy Code. The Court agrees with <u>Ford Motor Credit v. Hall</u> that the Bankruptcy Code does not permit this fourth option.

3. What are the legal consequences to an
individual debtor who fails to perform their duties
<u>with respect to personal property that secures a debt?</u>

Prior to BAPCPA, the Bankruptcy Code did not expressly state any legal consequences for an individual debtor with a debt secured by personal property of the estate who fails to perform their duties under § 521(a)(2) to file a statement of intention and to perform that statement of intention by redeeming, reaffirming or surrendering such property. BAPCPA added several provisions to the Bankruptcy Code that at least describe some legal consequences for an individual debtor in these circumstances. Two of those provisions – one in § 521 and one in § 362 – apply when an individual debtor fails to perform their duties under § 521(a)(2) and the third applies when an individual debtor fails to perform their duties under § 521(a)(6). The Court will first examine the two provisions that apply when an individual debtor fails to perform their duties under § 521(a)(2).

BAPCPA added one of these provisions immediately following § 521(a)(2)(A) and (B). Unfortunately, this new provision appears without a number, letter or even an asterisk. It reads as follows: "except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h)." This un-numbered subparagraph does not state any particular legal consequence that flows from the failure of an individual debtor to perform their duties under § 521(a)(A) or (B) with respect to personal property that secures a debt. Rather, it is a limiting provision that clarifies

---

property without reaffirming their promise to pay for it.

-9-

17-51604-pjs    Doc 26    Filed 11/30/17    Entered 11/30/17 16:59:33    Page 9 of 18

what the performance or non-performance of the statutory duties of § 521(a)(2)(A) and (B) does *not* do: it does not alter the debtor's or the trustee's rights to the subject property.

The second of these provisions added by BAPCPA is contained in § 362(h), the section specifically referenced in the un-numbered paragraph in § 521(a)(2) just discussed. Although the duties set forth in § 521(a)(2) do not themselves distinguish between real and personal property, the new provision in § 362(h) only applies where – as in this case – the subject property is personal property. Section 362(h)(1) reads as follows:

> In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) –
>
> (A) to file any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

Post-BAPCPA, § 362(h)(1) expressly provides for two legal consequences, without the need for a motion or any other process, when an individual debtor fails to timely perform their duties imposed by § 521(a)(2)(A) and (B) with respect to personal property that secures a debt: the automatic stay of § 362(a) is lifted with respect to such personal property and such personal property is removed from the bankruptcy estate.

-10-

This opinion has already discussed the third provision added by BAPCPA that addresses the legal consequences when an individual debtor fails to perform their duties regarding personal property that secures a debt: § 521(a)(6). As explained earlier, § 521(a)(6), in contrast to new § 362(h), was placed by BAPCPA in the section of the Bankruptcy Code that spells out a debtor's duties. It expressly imposes a duty on an individual debtor to "not retain possession" of personal property that secures an allowed claim for the purchase price of such property where the debtor has not entered into a reaffirmation agreement for such property or redeemed such property within 45 days from the § 341 meeting. But in addition to imposing this duty, § 521(a)(6) added a provision, denoted by an asterisk and sometimes referred to as a "hanging" paragraph because of its seemingly random placement in the text of the statute. Like § 362(h), the hanging paragraph in § 521(a)(6) expressly states certain legal consequences when an individual debtor fails to comply with their duty under § 521(a)(6) with respect to personal property that secures a debt:

> the stay under section 362(a) is terminated with respect to the personal property . . . , such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law . . . .

At first glance, the legal consequences set forth in the hanging paragraph of § 521(a)(6) look much like those set forth in § 362(h). But there are some differences. Although both provisions apply only to individual debtors where the debt is secured by personal property, § 362(h) only applies when the debtor has failed to perform the duties specified in § 521(a)(2), whereas the hanging paragraph of § 521(a)(6) only applies when the debtor has failed to perform the duty specified in § 521(a)(6). Further, § 362(h) applies to any personal property that secures a debt, but the hanging paragraph only applies when the subject property is personal property that secures the purchase price for such property and the creditor has an allowed claim for such purchase price.

Finally, the applicable time periods to trigger the legal consequences under § 362(h) and § 521(a)(6) are different. Under § 362(h)(1), the automatic stay will lift 30 days after the first date set for the meeting of creditors. In contrast, under § 521(a)(6), the automatic stay will only lift 45 days after the first meeting of creditors.

To recap, following BAPCPA, the Bankruptcy Code now expressly provides at least some legal consequences that flow from an individual debtor's failure to timely perform their duties under § 521(a)(2) with respect to personal property that secures a debt: under § 362(h)(1) the property is removed from the bankruptcy estate, the automatic stay is lifted, and the creditor is free to enforce its rights under applicable non-bankruptcy law with respect to such property. And if the debtor fails to perform their duty under § 521(a)(6) with respect to personal property that secures an allowed claim for the purchase price of the property, § 521(a)(6) expressly provides one more consequence: the debtor shall "not retain possession" of such property.[8]

### 4. Can the Court delay an individual debtor's discharge if the debtor fails to perform their duties with respect to personal property that secures a debt?

Section 727(a) of the Bankruptcy Code states that, in a Chapter 7 case, "[t]he court shall grant the debtor a discharge, unless" one of the specific statutory grounds to deny discharge are present. The Creditor does not argue that any of those circumstances are present and has not asked the Court to deny the Debtor a discharge. However, in the Motion, the Creditor alleges that the Debtor has failed to perform her duties under § 521(a)(2) and requests that the Court delay the entry

---

[8] BAPCPA added another legal consequence in § 521(d) when an individual debtor fails to perform their duty under § 521(a)(6) but this subsection specifically applies only when the underlying agreement between the debtor and the creditor contains a provision that places the debtor in default by reason of the bankruptcy or insolvency of the debtor – frequently referred to as an "ipso facto" clause. The Creditor does not argue that the Security Agreement contains such a clause or that § 521(d) applies to this case.

of her discharge until she performs all of those duties. In support, the Creditor relies on In re Marquez, No. 17-60594, 2017 WL 5438306 (Bankr. W.D. Tex. Nov. 13, 2017), a recent opinion from the bankruptcy court for the Western District of Texas.

In Marquez, similar to the case before the Court, the individual Chapter 7 debtors filed a statement of intention that indicated that they intended to retain their mobile home and would "continue making payments to creditor without reaffirming." Id. at *1. In other words, the debtors wanted to avail themselves of the so-called "ride through." Like this case, the creditor in Marquez filed a motion to compel the debtors to perform their duties under § 521(a)(2) by filing a statement of intention that states that the debtors will either redeem, reaffirm or surrender the mobile home, and by then performing that statement of intention. The creditor's motion also asked the court to delay granting the debtors a discharge until they performed their duties under § 521(a)(2). Id.

The Marquez court agreed with the creditor that the Bankruptcy Code did not permit the debtors to have their mobile home "ride through" their case and held that the debtors "are required to select between the three options enumerated in section 521(a)(2): surrender, redeem, or reaffirm." Id. at *3. The court next rejected the debtors' argument that a stay lift under § 362(h)(1) is the creditor's sole remedy for the debtors' failure to perform their duties under § 521(a)(2): "a violation of § 521(a)(2) should generally result in the stay being lifted, but in unusual circumstances, such as this one, where the debtor has not even attempted to comply with his duties under the Code, the Court may be compelled to take further action . . . ." Id. at *3-*4. The court then held that in the "unique facts of this case," the debtors' discharge "will be suspended" until they "amended their [statement of intention] and performed their stated intention." Id. at *6. The court did not specifically identify its authority to "suspend" the granting of a discharge, but stated that

-13-

"[u]ltimately, this case boils down to a very simple question: Can Debtors knowingly shirk their duties under the Code with no repercussions from the Court and this Court's answer is 'no.'" Id.

Although not cited in the Motion, Response, Supplement or Marquez, there is a Federal Rule of Bankruptcy Procedure that addresses the timing for a bankruptcy court to grant a discharge in a Chapter 7 case. Federal Rule of Bankruptcy Procedure 4004(c)(1) states that "[i]n a chapter 7 case, on expiration of the times fixed for objecting to discharge and or filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if" one of the circumstances described in subparagraphs (A) through (L) are present.

The circumstances set forth in Rule 4004(c) that authorize a bankruptcy court to delay a discharge are both specific and limited. An individual debtor's failure to perform their duties under § 521(a)(2) of the Bankruptcy Code is not one of the grounds identified in subparagraphs (A) through (L) of Rule 4004(c)(1) that excepts the Court from its responsibility of issuing the debtor a discharge *forthwith* once the deadlines for objecting to discharge or filing a motion to dismiss under Rule 1017(e) have passed.

It is worth noting that one of the exceptions contained in Rule 4004(c), in subparagraph (L), specifically relates to one of a debtor's duties under § 521. It states that the court should not forthwith grant a discharge if there is a "motion pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f)." In other words, if there is a motion to delay a debtor's discharge because of the debtor's failure to perform their duty under § 521(f), the rule expressly excepts a bankruptcy court from its responsibility to *forthwith* grant a discharge, but the rule does not recognize an exception because of a debtor's failure to perform any of the debtor's other duties under § 521.

-14-

Whatever other remedies may exist to deal with an individual debtor who fails to perform their duties under § 521(a)(2), the Creditor has not cited to any authority under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure that persuades the Court that it may delay granting a debtor a discharge because of a failure to perform such duties.

## **Discussion**

The Debtor filed her petition on August 14, 2017. Under § 521(a)(2)(A), the Debtor was required to file within 30 days from the petition – i.e., by September 13, 2017 – a statement of intention with respect to the Mobile Home stating whether the Debtor intended to redeem, reaffirm or surrender the Mobile Home. The first date set for the Debtor's § 341 meeting was September 13, 2017. Under § 521(a)(2)(B), the Debtor was required to perform her stated intention within 30 days after the first date set for the § 341 meeting – i.e., by October 13, 2017. The Debtor failed to perform both of her duties under § 521(a)(2)(A) and (B) because the statement of intention that she filed impermissibly stated that the Debtor intended to "Pay and retain" the Mobile Home, and because that appears to be just what the Debtor has done. That's what is known as a "ride through" or "stay and pay." As explained earlier, the Bankruptcy Code does not permit the Debtor the option of side-stepping her duties under § 521(a)(2)(A) and (B) by means of a "ride through" or "stay and pay."

In the Motion, the Creditor seeks an order compelling the Debtor to file an "amended" statement of intention that properly states that the Debtor will redeem, reaffirm or surrender the Mobile Home, and then seeks an order directing the Debtor to perform the stated intention. The Court denies that request because it is moot. Once the Debtor failed to timely perform her duties under § 521(a)(2)(A) and (B), certain legal consequences of such failure came into effect by

operation of law. Under § 362(h)(1), when the Debtor failed to perform her duties under § 521(a)(2)(A) and (B), the Mobile Home was removed from property of the bankruptcy estate, and the automatic stay of § 362(a) was terminated with respect to the Mobile Home. Filing an amended statement of intention at this late stage would not unwind those legal consequences. No purpose would be served by having the Debtor now file an amended statement of intention and by ordering the Debtor to perform such amended intention.[9]

At the hearing, the Creditor made it clear that it understands how § 362(h)(1) operates to lift the automatic stay so that it may now proceed to enforce its applicable non-bankruptcy law remedies. According to the Creditor, that's fine as far as it goes. But the Creditor wants the Court to do something more because, it explains, enforcing applicable non-bankruptcy law remedies can frequently be difficult and expensive. With this backdrop, the Creditor's request does not appear to be unreasonable. However, the Bankruptcy Code does not license the Court to search for ways to minimize a creditor's time and expense in enforcing the non-bankruptcy law remedies that it bargained for, just because its borrower later filed a bankruptcy case, even where its borrower failed to comply with all of their duties as a debtor in the bankruptcy case.

At issue here is not whether the Debtor must perform her duties with respect to the Mobile Home under § 521 of the Bankruptcy Code. The Court agrees with the Creditor – she must. At issue is whether the remedy requested by the Creditor – delay of discharge – is a lawful and proper

---

[9] Although the Creditor does not seek relief under § 521(a)(6), it appears that this section would also apply to this case. The debt to the Creditor is for the purchase price of the Mobile Home, the Debtor has not raised any objection to the allowance of the Creditor's claim for the purchase price, and it is now more than 45 days after the § 341 meeting of creditors. To the extent that § 521(a)(6) applies to this case, it bars the Debtor from retaining possession of the Mobile Home.

-16-

17-51604-pjs    Doc 26    Filed 11/30/17    Entered 11/30/17 16:59:33    Page 16 of 18

remedy. In a somewhat analogous context, in In re Mathis, 548 B.R. 465, 470 (Bankr. E.D. Mich. 2016), a Chapter 7 trustee urged the court to hold that the trustee could bring a cause of action on behalf of the bankruptcy estate for damages against an individual debtor held who failed to comply with some of their duties under § 521(a). The court denied the trustee's request, holding that the Bankruptcy Code does not create a cause of action for damages in favor of the estate for a breach of an individual debtor's duties under § 521(a). But the court emphasized both the seriousness of the debtor's duties and described some of the remedies that the Bankruptcy Code does provide when a debtor fails to perform their duties.

> That is not to say that a debtor's compliance with their statutory duties is optional. It is not. And there are ample remedies available to deal with a non-compliant debtor. For example, a debtor's failure to perform their duties under § 521 may constitute cause for dismissal of a Chapter 7 case under § 707(a), dismissal or conversion under § 1112(b), or dismissal or conversion under § 1307(c). In addition, a trustee who has a debtor that is not performing their statutory duties under § 521 may seek an order compelling the performance of those duties and, upon failure of the debtor to comply with such order, may seek a finding of contempt and a monetary award to induce the debtor to perform their duties. In egregious cases under Chapter 7, the debtor's failure to perform those duties may lead to denial of discharge under § 727.

Id. at 470-71.

Here's the point: every debtor must fulfill their duties under § 521(a). If they fail to do so, the Bankruptcy Code provides both for specific legal consequences to become effective by operation of law (e.g., § 362(h)(1) and § 521(a)(6)), and for specific remedies to be ordered by the Court (e.g., § 707(a) and § 727(a)). The particular remedy requested by the Creditor because of the Debtor's failure to perform her § 521(a)(2) duties in this case – delay of discharge – is not authorized by the Bankruptcy Code and conflicts with Federal Rule of Bankruptcy Procedure 4004(c).

-17-

**Conclusion**

The Court agrees that the Debtor did not file a proper statement of intention that identifies whether she intends to redeem, reaffirm or surrender the Mobile Home, nor did she in fact perform one of these three actions. As a result, the automatic stay is lifted by § 362(h)(1) and the Mobile Home is no longer property of the bankruptcy estate. The Creditor is now free to enforce all of its non-bankruptcy law, bargained-for rights and remedies with respect to the Mobile Home, unencumbered by the Debtor's bankruptcy case. However, for the reasons explained, the Court denies the Creditor's request to delay the Debtor's discharge.

The Court will enter a separate order consistent with this opinion.

In its review of the file, the Court notes that this case is ready to proceed to discharge. The Court fully intends to fulfill its responsibility under Rule 4004(c)(1) to forthwith grant the Debtor a discharge. Based upon the Court's ordinary practices, it is likely that a discharge will enter in this case immediately after the Court enters an order denying the Motion. Once that discharge is entered, it will be too late for the Debtor to change her mind and enter into a reaffirmation agreement for the Mobile Home. In view of these facts, to allow the Debtor an opportunity to negotiate and enter into a reaffirmation agreement with the Creditor for the Mobile Home before a discharge is entered, the Court will delay entry of the order denying the Motion for 14 days from the issuance of this opinion. If the Debtor wishes to have any more time to negotiate and enter into a reaffirmation agreement, it will be up to the Debtor to file a motion under Rule 4004(c)(1)(J) and (c)(2).



**Signed on November 30, 2017**

/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**